IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA,

v.                                                            No. 4:25-CR-259-P

BENJAMIN SONG (03),
Defendant.

**DEFENDANT SONG'S MOTION FOR RECONSIDERATION OF ORDER DENYING
MOTION FOR LEAVE TO FILE REPLY FOR MOTION FOR NEW TRIAL**

Defendant Benjamin Song (Song) respectfully moves for reconsideration of the Court's

Order denying Song's Motion for Leave to File Reply in Support of Motion for New Trial and

Request for Evidentiary Hearing.[1] Song does not seek reconsideration for a new ground for relief

and he is not seeking to expand the Motion for New Trial. Reconsideration is warranted because

the Government's opposition for leave inaccurately characterized the Motion for New Trial as

having failed to advance any argument on the *Berry*[2] factors.[3]  Song's Motion did advance those

arguments: (1) it identified the newly discovered evidence, (2) it explained why the defense did

not learn of undocumented evidence until trial, (3) it explained why the information could not be

meaningfully used once revealed mid-trial,(4) it explained why the evidence was substantive

physical-scene evidence not mere impeachment, (5) it explained why the evidence was material to

intent, and (6) it explained why the interests of justice require a new trial or an evidentiary hearing.[4]

The proposed Reply also did not attempt to cure a wholly omitted claim. It responded to

the Government's Response, which was organized around *Berry, Brady,*[5] *and Youngblood*'s[6]

---

[1] See Order Denying Song's Mot. for Leave to file Reply for Mot. for New Trial. (Dkt. No. 394)
[2] *United States v. Berry*, 412 F.2d 189 (3d Cir. 1969)
[3] See Government's Opp. to Song's Mot. for Leave to file Reply for Mot. for New Trial. (Dkt. No. 393)
[4] See Song's Mot. for New Trial. (Dkt. No. 381)
[5] *Brady v. Maryland,* 373 U.S. 83 (1963)
[6] *Arizona v. Youngblood,* 488 U.S. 51 (1988)

materiality, diligence, impeachment, and the need for an evidentiary hearing.[7] If the Court concludes that the tendered Reply should have been shorter or that a footnote should be modified, Song requests the less drastic alternative relief of allowing the filing of a substitute reply.

## I. RELIEF REQUESTED

Song respectfully requests that the Court reconsider Order denying Song's Motion for Leave to file Reply[8] and grant Song leave to file the Reply.  Alternatively, Song requests leave to file a conforming reply brief that: (1) does not exceed ten pages; (2) removes or substantially shortens the challenged footnote; and/or (3) addresses *Berry, Brady, and Youngblood*, materiality, diligence, prejudice, and the evidentiary hearing only as to issues in the parties' existing briefing.

## II. STANDARD FOR RECONSIDERATION

Although the Federal Rules of Criminal Procedure do not expressly provide a rule for motions to reconsider, district courts may entertain timely motions asking the Court to reconsider an order in a criminal case. See *United States v. Ibarra*, 502 U.S. 1, 6–7 (1991); *United States v. Rabhan*, 540 F.3d 344, 346 (5th Cir. 2008). The Court has the authority to correct a factual or legal error, to consider matters that were not fully presented, or to prevent manifest injustice. Reconsideration is especially appropriate where the Court will receive a short reply before ruling on a motion that challenges the reliability of the verdict on a central contested element.

## III. BACKGROUND

Song filed a Motion for New Trial and Request for Evidentiary Hearing.[9] The Motion invoked Rule 33, *Brady, Giglio,*[10] *Trombetta,*[11] *Youngblood*, and the *Berry* framework for newly

---

[7] See Government's Mot. for a Supplemental Jury Instruction on Transferred Intent. (Dkt. No. 356)
[8] See Order Denying Song's Mot. for Leave to file Reply for Mot. for New Trial. (Dkt. No. 394)
[9] See Song's Mot. for Leave to file Reply for Mot. for New Trial. (Dkt. No. 390)
[10] *Gigilio v. United States*, 405 U.S. 150 (1972)
[11] *California v. Trombetta*, 467 U.S. 479 (1984)

discovered evidence. *Id.* The Motion did not merely cite *Berry* in passing. It alleged that the defense first learned during trial that investigators did not photograph, measure, map, swab, or otherwise preserve alleged ground and concrete strike evidence; that the omitted strike-site evidence was transient physical evidence bearing directly on trajectory, ricochet, line of fire, and intent; that the trial revelation came too late for meaningful expert reconstruction, scene access, preservation requests, or pretrial litigation; and that the Government's failure to document and disclose the absence of such evidence undermined confidence in the verdict.[12]

The Government incorrectly argued that Song failed each *Berry* factor, that the evidence was at most impeachment, that the information could have been discovered through due diligence, that any late disclosure was cured by trial cross-examination, that *Brady* was not satisfied, that *Youngblood* was not satisfied, and that no evidentiary hearing was warranted.[13] Because Local Criminal Rule 47.1(f) requires leave before filing a reply, Song moved for leave to file a reply in support of the Motion for New Trial.[14] The proposed reply responded to the Government's arguments. It did not assert a new claim for relief. It addressed the newly discovered evidence was the Government's non-documentation and non-preservation of strike-site evidence, why the defense could not reasonably discover the omissions from their nonexistence in discovery, why the missing evidence was substantive and material rather than merely impeaching, why *Brady* was not cured by a mid-trial revelation, and why an evidentiary hearing was warranted.

The Government mistakenly argued Song was trying to "cure by way of reply what is in fact a defective motion[15]" and that the Reply exceeded the ten pages and used a lengthy footnote.[16]

---

[12] *Id.*
[13] See Government's Opp. to Song's Mot. for Leave to file Reply for Mot. for New Trial. (Dkt. No. 393)
[14] See Song's Mot. for Leave to file Reply for Mot. for New Trial. (Dkt. No. 390)
[15] See Government's Opp. to Song's Mot. for Leave to file Reply for Mot. for New Trial. (Dkt. No. 393) at 1.
[16] *Id.* at 2

The Court denied leave, relying on *Burch v. Chase Bank of Texas N.A.*, No. 4:20-CV-00524-O, 2021 WL 281437 (N.D. Tex. Jan. 15, 2021), and that the proposed reply raised arguments not found in Song's Motion for New Trial.[17] However, the Reply did not attempt to inject any entirely new factual grounds and legal claims that were completely omitted from the Motion for New Trial, and did not deprive the non-movant of notice and an opportunity to respond.

### IV. THE MOTION FOR NEW TRIAL DID ADVANCE *BERRY* ARGUMENTS.

The Government's opposition incorrectly asserted that Song "utterly failed" to carry his burden on *Berry* and erroneously argued Song presented his *Berry* arguments for the first time in the Reply,[18] as the Motion for New Trial actually cited *Berry*. While there are no five separate headings labeled "*Berry* factor one" through "*Berry* factor five," the Motion advanced the factors and made all encompassing arguments on the failures to photograph bullet strikes into the ground.

A. The Motion for New Trial Expressly Specified that the Evidence was Unknown Until Trial.

The first *Berry* factor asks whether the evidence was newly discovered and unknown at trial. Song's Motion for New Trial stated the defense first learned during trial that investigators did not take photographs of the bullet strikes in the ground or concrete. Further, it was not disclosed there were no photographs, scaled close-ups, measurements, trajectory mapping, preserved substrate, or fragment analysis tied to those alleged impact points.[19] Song even argued the "undocumented ground and concrete strikes directly bear on trajectory, ricochet, and intent." Despite investigators having a Leica RTC360 scanner for measurement and recreation purposes, Crime Scene Investigator Kim Burris stated the reconstruction did not include trajectory analysis. This was the newly discovered evidence. The Government presumes "the evidence that there had

---

[17] Order denying Song's Mot. for Leave to file Reply for Mot. for New Trial. (Dkt. No. 394)
[18] See Government's Opp. to Song's Mot. for Leave to file Reply for Mot. for New Trial. (Dkt. No. 393) at 1–2.
[19] See Song's Mot. for New Trial. (Dkt. No. 381) at 1, 3–7

MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR LEAVE TO FILE REPLY    Page 4

been ground strikes was also established by other evidence—including the video and other witness testimony—such that Ranger Hill's testimony and the absence of in-depth ground strike photos,[20]" whilst ignoring strike measurements for recreation purposes would have shown the bullet found in Lt. Gross's vest was not aimed fire but a ricochet.[21] Obviously, Song's memory of where he allegedly fired is not the issue. It was the Government's non-documentation and non-preservation of the material evidence. That distinction was made in the Motion for New Trial and then raised in the Reply only because the Government's Response unfairly recast the claim as though Song were asserting surprise about his own conduct.

B. The Motion for New Trial Explained Why the Mid-Trial Revelation came too Late.

The second *Berry* factor concerns diligence. Song's Motion for New Trial, again, stated that the defense had not been told before trial that no strike-site photographs, scaled close-ups, measurements, or preserved substrate evidence existed.[22] Further as previously explained, the trial revelation came too late because the defense had already lost the meaningful opportunity to inspect the precise locations before the scene changed, retain a reconstruction expert keyed to actual impact points (which were lost after the rain), seek testing for substrate transfer or ricochet indicators, move to limit speculative trajectory opinions, or request a missing-evidence instruction tailored to the omission.[23] In fact, the Government's next enigmatic response was that the defense should have inferred that investigators failed to preserve the nonexistent strike evidence from the discovery production and then should have asked the Government whether such absent evidence existed.[24] Song's Reply answered that diligence argument so it was not raised for the first time.

---

[20] See Government's Opp. to Song's Mot. for Leave to file Reply for Mot. for New Trial. (Dkt. No. 393) at 11
[21] See generally *Draughon v. Dretke*, 427 F.3d 286 (5th Cir. 2005)
[22] *Id.* at 4–5.
[23] *Id.* at 5, 7–10
[24] See Government's Opp. to Song's Mot. for New Trial. (Dkt. No. 386) at 10, 12–13

C. The Motion for New Trial said the Evidence was Not Cumulative or Impeaching.

The third *Berry* factor asks whether the evidence is merely cumulative or impeaching. The Motion argued that the missing strike-site evidence was material: because undocumented ground and concrete strikes bore directly on trajectory, ricochet, and intent, it was exculpatory; because it showed potential bias or actual failures in the investigation, it was impeachment evidence; and, the physical-scene evidence of ground impact locations show the rounds were actually fired into the ground, not intentionally fired at officers, and that the one round causing injury was deflected.[25]

The Government's Response about "close-up photos" made no sense and the argument that those missing photos were "at most" impeachment[26] because there are no ground strike photos contradicts *Draughon* that ground strikes would be substantive evidence bearing on intent. Song's proposed Reply responded that this case is not merely about impeaching Ranger Hill or criticizing sloppy investigative work. It is about the missing physical details: the precise locations, dimensions, orientation, and character of the alleged impact points; their relation to the shooter, Lt. Gross, and surrounding surfaces; ballistic scene recreation; and whether they supported or undermined a ricochet path. These were direct responses to the non-existent photo arguments.

D. The Motion for New Trial Addressed Materiality.

The fourth *Berry* factor asks whether the evidence is material. Song's Motion again repeatedly discussed materiality that attempted murder requires proof of specific intent to kill; that the ground and concrete strikes were objective physical features bearing on where rounds impacted, whether a ricochet occurred, and whether the Government's account of direction of fire was forensically reliable; and that the projectile recovered from Lt. Gross's vest was deformed in

---

[25] *Id.* at 1–2, 7–9
[26] *Id.* at 1–2, 11

a way consistent with first impacting on water, mud, or deflecting from another object.[27]

The Government's Response actually disputed materiality while simultaneously arguing that there was other abundant evidence, and contended that the jury heard enough about ground strikes from a solitary video of "a [purported] single puff of dirt on the concrete directly in front of Song when he opened fire."[28] The proposed Reply did not make a new claim but responded to that argument that line of fire, trajectory, and ricochet evidence materially relate to specific intent.

E. The New Trial Motion Argued Prejudice, Probable Effect, and the Interests of Justice.

The fifth *Berry* factor concerns whether the evidence would probably produce an acquittal. Song's Motion argued that the nondisclosure and non-preservation undermined confidence in the verdict because the case turned on specific intent, the Government made physical-scene interpretations, the jury never saw contemporaneous photos of the strike sites, and the defense was deprived of a fair opportunity to test those sites through reconstruction and pretrial motions.[29]

The Motion addressed prejudice and independently invoked Rule 33's "interest of justice" standard and requested, at minimum, an evidentiary hearing to determine who observed the alleged strike sites, what scene-processing steps were or were not performed, whether notes, sketches, measurements, scanner data, photo logs, body-camera footage, or communications referenced the impact locations, when prosecutors learned that no photographs existed, and whether any failure to document or preserve the sites resulted from bad faith, selective investigation, or a deliberate effort to avoid creating evidence inconsistent with the Government's theory. The proposed Reply also addressed prejudice, as shown herein, by countering the argument that the jury convicted despite hearing about the failure to photograph and that more evidence could not alter the verdict.[30]

---

[27] See Song's Mot. for New Trial. (Dkt. No. 381) at 1–4, 7–10
[28] See Government's Opp. to Song's Mot. for New Trial. (Dkt. No. 386) at 11–12.
[29] See Song's Mot. for New Trial. (Dkt. No. 381) at 5, 7–11
[30] *Id.* at 12

V. *BURCH* DOES NOT REQUIRE DENIAL OF LEAVE.

In the case at bar, *Burch* does not apply as the Motion for New Trial preserved the argument and the proposed Reply merely responds to the opposing party's characterization of that argument. The proposed Reply brief only expanded upon, clarified, and thoroughly addressed arguments raised in the opposition, as the core issues were preserved in the opening motion. The Motion for New Trial unmistakably raised Rule 33, *Brady, Giglio, Youngblood, Trombetta*, newly discovered evidence, materiality, prejudice, and the need for an evidentiary hearing.[31] The Government's Response actually disagreed with each of those issues using its own structure, including separate *Berry*-factor headings. Song's proposed Reply followed that very structure.

The Government cannot organize its Response around the *Berry* factors, argue that Song failed each factor, and then prevent Song from answering that argument on the theory that the factor-by-factor response is new when it was not. The proposed Reply clarified arguments already made and was responsive to the Government's Response. Clarification in answering to an opposition brief is the function of Reply briefing and it did not raise an entirely new claim.

VI. LEAVE SHOULD HAVE BEEN GRANTED BECAUSE THE GOVERNMENT'S RESPONSE RAISED ISSUES A REPLY WOULD AID THE COURT IN RESOLVING.

Local Criminal Rule 47.1(f) permits a reply brief when the moving party requests leave and the presiding judge grants it. Song requested leave because the Government's Response raised and enhanced several issues that warranted a focused reply. Those issues included:

1. whether the newly discovered evidence was Song's own recollection, as the Government suggested, or the newly discovered evidence was the Government's non-documentation and non-preservation of alleged strike-site evidence;
2. whether the absence of photographs, measurements, mapping, swabs, or preserved substrate was merely impeachment or substantive physical-scene evidence bearing on trajectory, ricochet, line of fire, and intent;
3. whether the defense could reasonably be required to infer from silence in a large discovery production that investigators had failed to document alleged fresh strike sites;

---

[31] *Id.*

4.  whether cross-examination during trial could cure the loss of a meaningful pretrial opportunity for expert reconstruction, scene inspection, preservation requests, and evidentiary motions;

5.  whether the Government's reliance on line-of-fire and trajectory evidence made the omitted strike-site evidence material;

6.  whether the Government failed to properly perform a recreation of the scene on line-of-fire and trajectory evidence due to the omitted strike-site evidence material;

7.  whether the Government's distinction between impeachment evidence and potentially exculpatory uncollected evidence actually supported Song's request for a hearing; and

8.  whether a factual hearing was warranted to determine what investigators observed, what they failed to document, what scene-processing tools were used, what scanner data or related materials exist, and when prosecutors learned of the omission.

A Reply on these issues would aid the Court. This would not prejudice the Government because it would address issues the Government itself raised and would not seek new relief.

## VII. THE GOVERNMENT'S PAGE-LIMIT OBJECTION SUPPORTS A CONFORMING SUBSTITUTE REPLY, NOT DENIAL OF ALL REPLY BRIEFING.

The Government also opposed leave on the ground that Song's proposed Reply exceeded ten pages and contained a lengthy footnote.[32]  The Court's Order did appear to not rest on that basis, but Song addresses it to preserve alternative relief.  If the Court concludes that the tendered reply did not comply with Local Criminal Rule 47.2(c), the appropriate remedy is to allow a conforming substitute reply, not to deny any reply at all. The page-limit issue is curable. Song is prepared to file a revised reply not exceeding ten pages, with the challenged footnote removed or substantially shortened, and limited to matters raised in the Government's Response.  That alternative relief would fully address the Government's procedural objection while allowing the Court to receive focused briefing on the issues raised by the Government's response to the Motion for New Trial.

## VIII. DENYING ANY REPLY RISKS DECIDING THE MOTION FOR NEW TRIAL ON THE GOVERNMENT'S UNREBUTTED CHARACTERIZATION OF THE RECORD.

---

[32] See Government's Opp. to Song's Mot. for Leave to file Reply for Mot. for New Trial. (Dkt. No. 393) at 2.

The Government's opposition to the Motion for New Trial points made various representations that Song should be allowed to answer before the Court rules on the merits. The Government depicted Song's position as "disingenuous," argued that the missing strike-site evidence was "at most" impeachment, argued that the evidence could have been discovered through due diligence, argued that trial cross-examination cured any prejudice, and argued that no evidentiary hearing was warranted.[33] The arguments go directly to whether the Court should grant a new trial or at least conduct a hearing. Song's proposed Reply would allow the Court to consider both sides before resolving those issues. If any portion of the proposed Reply is deemed beyond the proper scope, the Court may disregard that portion or require a shortened substitute. Therefore, leave is warranted because the Reply would assist the Court in deciding a significant Rule 33 motion on a complete adversarial presentation.

## IX. CONCLUSION

For these reasons, Defendant Benjamin Song respectfully requests that the Court reconsider its Order denying Song's Motion for Leave to File Reply in Support of Motion for New Trial and Request for Evidentiary Hearing.[34].

Song respectfully requests that the Court grant leave to file a Reply in support of the Motion for New Trial. Alternatively, Song requests leave to file a substitute reply not exceeding ten pages, with the challenged footnote removed or shortened, by whatever deadline the Court sets.

Respectfully submitted,

*/s/  Tailim Song*
TAILIM SONG
State Bar No. 00792845
tsong@songwhiddon.com
8131 LBJ Fwy, Suite 770

---

[33] See Government's Opp. to Song's Mot. for New Trial. (Dkt. No. 386)
[34] Order denying Song's Mot. for Leave to file Reply for Mot. for New Trial. (Dkt. No. 394)

Dallas, Texas 75251
(214) 528-8400 Telephone
(214) 528-8402 Facsimile

Phillip Hayes
3300 Oak Lawn Ave # 600
Dallas, TX 75219
214-774-0488
Fax: 214-528-6601
SBOT # 24012803
Phayes1995@hotmail.com
COUNSEL FOR DEFENDANT
BENJAMIN SONG

## CERTIFICATE OF SERVICE

I certify that on May 26, 2026, this document was filed via the Court's CM/ECF system, which will serve a copy on all counsel of record.

*/s/  Tailim Song*
Tailim Song

## CERTIFICATE OF CONFERENCE

Pursuant to the Texas Rules of Civil Procedure, the undersigned counsel for Defendant, Song Whiddon, PLLC certifies that counsel for Defendant conferred, or attempted to confer, with counsel for Plaintiff regarding the relief sought in Defendants Motion for leave for new trial

Counsel for Defendant discussed the relief sought in the motion with counsel for Plaintiff, and Plaintiff's counsel indicated that Plaintiff is opposed to the relief requested.

Accordingly, the motion is submitted to the Court for consideration.

*/s/  Tailim Song*
Tailim Song